**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JERRY B. EZEBUIROH, #S12813, ) <br> LAMAR R. BENNETT, #20061481, and ) <br> BRYLON ENGELKINS, #190605296799, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KENNY BENZING ) <br> and RICH STEVENSON, ) <br> ) <br> Defendants. ) | Case No. 20-cv-00730-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On July 28, 2020, four plaintiffs filed this action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights at Marion County Law Enforcement Center. (Doc. 1). In the Complaint, Plaintiffs challenged the conditions of their confinement and lack of meaningful access to a grievance process. (*Id*.). Plaintiffs requested money damages. (*Id*.).

On July 29, 2020, the Court entered a *Boriboune* Order advising plaintiffs of their rights and responsibilities when participating in group litigation. (Doc. 6). Plaintiff Jerry Ezebuiroh was designated as the "lead plaintiff" in this action. (*Id*.). Non-lead Plaintiffs Robert Manley, Lamar Bennett, and Brylon Engelkins were required to separately advise the Court, in writing, of their intention to proceed with group litigation. (*Id*.). All three non-lead plaintiffs confirmed their wish to proceed together in this action. (Docs. 10, 13, and 16).

However, Plaintiff Manley was later dismissed when the Court received an Amended Complaint that lacked his signature. (Docs. 10, 13, and 16). This plaintiff was dismissed without prejudice. (*See* Docs. 27-29).

1

Plaintiffs Engelkins, Bennett, and Ezebuiroh have since failed to update their addresses, and mail addressed to them has been returned to the Court undeliverable.  (*See* Docs. 33, 34, 37-39, 41-42, and 45).  This is in violation of the Court's Orders advising all plaintiffs of their ongoing obligation to keep the Court and parties informed of any address changes within seven (7) days of any change.  (Docs. 4 and 6).

On November 2, 2020, the Court entered the following Order to Show Cause addressed to Plaintiff Engelkins:

> ORDER TO SHOW CAUSE: Plaintiff Brylon E[nge]lkins was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to comply could result in his dismissal from this action for want of prosecution. (See Docs. 4 and 6). One or more documents mailed to Plaintiff Brylon Engelkins by the Court have been returned as undeliverable. (See Doc. 3 and 33). Plaintiff is hereby ORDERED to SHOW CAUSE on or before NOVEMBER 12, 2020, why Plaintiff Brylon Engelkins should not be dismissed from this action for failure to comply with a court order and to prosecute his claims. Plaintiff's failure to respond to this Order will result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b).

(Doc. 36).  He did not respond to this show cause order.

On December 2, 2020, the Court entered an Order to Show Cause addressed to Plaintiffs Engelkins, Ezebuiroh, and Bennett, as follows:

> ORDER TO SHOW CAUSE: Plaintiffs Brylon Engelkins, Jerry Ezebuiroh, and Lamar Bennett were advised that they are under a continuing obligation to keep the Clerk of Court informed of any change in their addresses and that failure to comply with this requirement could result in their dismissal from this action for want of prosecution. (See Docs. 4 and 6). One or more documents mailed to Plaintiffs by the Court have been returned as undeliverable. (See Doc. 3, 33, 37, 38, and 39). Plaintiffs Engelkins, Ezebuiroh, and Bennett are hereby ORDERED to SHOW CAUSE on or before DECEMBER 16, 2020, why each plaintiff should not be dismissed from this action for failure to comply with the Court's Orders and for failure to prosecute their claims. Plaintiffs' failure to respond to this Order will result in their dismissal from this case pursuant to Fed. R. Civ. P. 41(b). Because all three (3) plaintiffs are subject to this show cause order, the Court hereby DEFERS preliminary review of the Complaint pursuant to 28 U.S.C. 1915A until after the show cause deadline expires.

(Doc. 40). The Court received no response from any of the plaintiffs. Additional mail was returned to the Court undeliverable. (Docs. 41-43, 45).

Therefore, on January 15, 2021, the Court entered a Second Order to Show Cause addressed to Plaintiffs Engelkins, Ezebuiroh, and Bennett, as follows:

> SECOND ORDER TO SHOW CAUSE: Plaintiffs Brylon Engelkins, Jerry Ezebuiroh, and Lamar Bennett were advised that they are under a continuing obligation to keep the Clerk of Court informed of any change in their addresses and that failure to comply with this requirement could result in their dismissal from this action for want of prosecution. (See Docs. 4 and 6). One or more documents mailed to Plaintiffs by the Court have been returned as undeliverable. (See Doc. 3, 33, 37, 38, 39-42, and 45). Plaintiffs Engelkins, Ezebuiroh, and Bennett were already ordered to show cause on or before DECEMBER 16, 2020, why each plaintiff should not be dismissed from this action for failure to comply with the Court's Orders and for failure to prosecute their claims. Plaintiffs failed to respond to the show cause order. Plaintiffs Brylon Engelkins, Jerry Ezebuiroh, and Lamar Bennett are, once again, ORDERED to SHOW CAUSE on or before JANUARY 29, 2021, why this case should not be dismissed based on their failure to timely update their addresses, respond to the first [40] show cause order, or prosecute their claims. Plaintiffs are WARNED that any individual plaintiff's failure to respond to this Order will result in that plaintiff's dismissal from this case pursuant to Fed. R. Civ. P. 41(b). Because all three (3) plaintiffs remain subject to this show cause order, the Court hereby DEFERS preliminary review of the Complaint pursuant to 28 U.S.C. 1915A until after the show cause deadline expires.

(Doc. 46). Plaintiffs Engelkins and Bennett did not respond, and they shall be dismissed.

Plaintiff Ezebuiroh responded to any Show Cause Order on January 28, 2021. (Doc. 47). In his response, Ezebuiroh explains that he attempted to update his address with the Court following his transfer into the custody of the Illinois Department of Corrections. (*Id*.). However, he did not receive certain notices from the Court, including the First Show Cause Order, until after the response deadline expired. (Doc. 40). He asks the Court to accept his response in satisfaction of the First and Second Show Cause Order and allow him to proceed with his claims in this case. (Doc. 47). The Court finds that Plaintiff Ezebuiroh has satisfied the Show Cause Orders. Accordingly, this plaintiff shall remain named in the action.

### Disposition

**IT IS ORDERED** that Plaintiffs **BRYLON ENGELKINS** and **LAMAR R. BENNETT** are **DISMISSED** without prejudice for failure to comply with multiple court orders (Docs. 36, 40, and/or 46) and for failure to prosecute their claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The Clerk of Court shall enter Judgment against both of these defendants at the close of this case.

**IT IS ORDERED** that Plaintiff **ENGELKINS'** and **BENNETT**'s obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS ORDERED** that Plaintiff Jerry B. Ezebuiroh has **SATISFIED** the First Order to Show Cause (Doc. 40) and Second Order to Show Cause (Doc. 46). Plaintiff Ezebuiroh is now the only plaintiff involved in this action. The Court will screen the Amended Complaint (Doc. 27) pursuant to 28 U.S.C. § 1915A in a separate memorandum and order.

**IT IS SO ORDERED.**

DATED: February 1, 2021

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**