IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #S12813,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00730-JPG |
| ) | |
| **KENNY BENZING** ) | |
| **and RICH STEVENSON,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint. (Doc. 27). Plaintiff Jerry Ezebuiroh, a former pretrial detainee at Marion County Law Enforcement Center ("Jail") who is now incarcerated at Hill Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 to challenge the conditions of his confinement at the Jail.[1] (*Id*.). He seeks injunctive relief[2] and money damages against Sheriff Rich Stevenson and Jail Administrator Kenny Benzing. (*Id*. at 7).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] Plaintiff originally filed the action along with three co-plaintiffs, Robert Manley, Brylon Engelkins, and Lamar Bennett. (Doc. 1). However, all three co-plaintiffs have since been dismissed. (Docs. 29 and 48).
[2] Plaintiff's request for injunctive relief was rendered moot at the time he transferred from the Jail to Hill Correctional Center. Unless he can show some reasonable likelihood of transferring back to the Jail and facing the same conditions addressed herein, this request for relief shall remain dismissed.

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff complains of the following conditions of confinement (Doc. 27, pp. 7-10): (a) rust on the dayroom table that sticks to the inmates' hands and food trays (*id*. at 7); (b) mold in the showers in B-Block (*id*. at 8); and (c) blood sugar tests conducted on the dayroom "eating table" (*id*. at 9). From May to July 2020, Plaintiff filed grievances with Jail Administrator Benzing and Sheriff Stevenson to complain about these conditions. (*Id*. at 7-10). He received no response. (*Id*.). Plaintiff seeks an order compelling the defendants to prime and paint the tables, to remediate and repaint molded areas, and to pay him "max" money. (*Id*.).

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* First Amended Complaint:

> **Count 1:** Defendants subjected Plaintiff to unsanitary and unsafe conditions of confinement at the Jail by exposing him to rust, mold, and blood in violation of his due process rights under the Fourteenth Amendment.
>
> **Count 2:** Defendants disregarded Plaintiff's grievances regarding the unconstitutional conditions of his confinement from May to July 2020 in violation of his due process rights under the Fourteenth Amendment.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Count 1

The Fourteenth Amendment Due Process Clause governs Plaintiff's claim for unconstitutional conditions of confinement. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). As a pretrial detainee, Plaintiff is entitled to be free from conditions that "amount to punishment" under the Fourteenth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A condition constitutes punishment, "if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id*. (quoting *Bell*, 441 U.S. at 538-39). The allegations suggest that Benzing and Stevenson subjected Plaintiff to conditions that, standing alone or in combination, amounted to punishment by placing him at risk of harm to his health or safety. Count 1 shall proceed against both defendants.

### Count 2

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Fourteenth Amendment Due Process Clause per se. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Given this, Count 2 cannot proceed as an independent claim against the defendants and shall be dismissed with prejudice.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 27) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against **RICH STEVENSON** and **KENNY BENZING**, and **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim for relief against either defendant. Plaintiff's request for injunctive relief is **DISMISSED** as **MOOT**, and this dismissal is without prejudice.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **RICH STEVENSON** and **KENNY BENZING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 27), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/3/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.